09-2360-ag
Chen v. Holder

BIA
Chew, IJ
A094 824 646

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16ᵗʰ day of June, two thousand ten.

PRESENT:
> RALPH K. WINTER,
> REENA RAGGI,
> DEBRA ANN LIVINGSTON,
>> *Circuit Judges*.

_____

YAN CHEN,
> *Petitioner*,

     v.                   09-2360-ag
                               NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:      Gerald Karikari, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Civil Division; Emily Anne Radford, Assistant Director; Jesse D. Lorenz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Yan Chen, a native and citizen of the People's Republic of China, seeks review of a May 7, 2009 order of the BIA affirming the August 31, 2007 decision of Immigration Judge ("IJ") George T. Chew denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Chen* No. A094 824 646 (B.I.A. May 7, 2009), *aff'g* No. A094 824 646 (Immig. Ct. N.Y. City Aug. 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562

2

F.3d 510, 513 (2d Cir. 2009); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 281-82 (2d Cir. 2006).

Chen claimed that when his wife became pregnant for a second time, she went into hiding. When the authorities came to search for her, Chen refused to reveal her whereabouts. As a result, he claims, they detained him for three days and beat him. Neither the IJ nor the BIA found that Chen was not credible. Nevertheless, both concluded that he had not experienced past persecution. The IJ stated that Chen "was beaten while he was in China." IJ Op. at 4. The IJ noted that Chen "was released after three days, and his wife did have a second child. The wife was never aborted nor sterilized, nor was the respondent sterilized." *Id.* The IJ concluded that Chen did not suffer past persecution, but did not address Chen's beating or detention in his analysis, focusing instead on the 25,000 RMB fine imposed on Chen and his wife. For its part, the BIA found that Chen's testimony regarding his detention and beating was "vague and conclusory." BIA Op. at 2. Neither finding was a sufficient basis upon which to deny relief.

We have stated that the agency must be "keenly sensitive to the fact that a 'minor beating' or, for that matter, any physical degradation designed to cause pain,

3

humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006). The IJ's conclusory treatment of Chen's beating and the IJ's implicit conclusion that it did not constitute persecution are insufficient to permit meaningful review. *See id.* at 327.

The BIA's finding was similarly insufficient. When the agency finds that an applicant's testimony is vague, it may probe for additional details seeking to draw out inconsistencies that would support an adverse credibility determination, but it may not deny the claim simply on vagueness grounds when the testimony is sufficiently specific as to the essential facts so as to state a *prima facie* case. *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 114 (2d Cir. 2005). Here, the IJ assumed that Chen was credible. Moreover, given our holding in *Beskovic*, Chen's testimony was not so vague that he failed to state a valid claim that he had been persecuted. *See id.; Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 151 (2d Cir. 2003), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). The BIA thus erred in assuming that Chen had established the requisite nexus to a protected

4

ground but finding no past persecution based on its conclusion that Chen's testimony was impermissibly vague. *See Jin Chen*, 426 F.3d at 114.

Because the BIA assumed without deciding that Chen's conduct "of helping his wife hide from family planning officials and hiring a doctor to have [her] IUD removed" constituted resistance to China's family planning policies, BIA Op. at 2, we do not reach this issue. We conclude simply that remand here is necessary because the agency failed adequately to support its finding that Chen did not suffer past persecution.

For the foregoing reasons, the petition for review is GRANTED, and the case REMANDED for further proceedings consistent with this order. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk